**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

Eastern District of Kentucky
FILED
MAR 21 2024
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 3:24-CR-4-GFVT

**NATIVIDAD AGUILERA GARCIA**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**18 U.S.C. § 2251(a)**

Beginning on or about May 1, 2021, and continuing through on or about September 1, 2021, in Shelby County, in the Eastern District of Kentucky, and elsewhere,

**NATIVIDAD AGUILERA GARCIA**

employed, used, persuaded, induced, enticed, and coerced a minor, Minor A, to engage in sexually explicit conduct for the purpose of producing, or transmitting live, visual depictions of that conduct, knowing and having reason to know that such visual depictions would be transported or transmitted in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, or that such visual depictions were produced or transmitted using materials that had been mailed, shipped, or transported in and affecting interstate or foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a).

**COUNT 2**
**18 U.S.C. § 2252(a)(2)**

Beginning on or about May 1, 2021, and continuing through on or about September 1, 2021, in Shelby County, in the Eastern District of Kentucky, and elsewhere,

**NATIVIDAD AGUILERA GARCIA**

did knowingly receive a visual depiction using any means or facility of interstate or foreign commerce, including by computer, and the production of said visual depiction involved the use of a minor, Minor A, engaging in sexually explicit conduct and the visual depiction was of such conduct, all in violation of 18 U.S.C. § 2252(a)(2).

**COUNT 3**
**18 U.S.C. § 2422(b)**

Beginning on or about May 1, 2021, and continuing through on or about October 1, 2021, in Shelby County, in the Eastern District of Kentucky, and elsewhere,

**NATIVIDAD AGUILERA GARCIA**

using a facility or means of interstate or foreign commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, Minor A, to engage in sexual activity for which any person can be charged with a criminal offense, all in violation of 18 U.S.C. § 2422(b).

**COUNT 4**
**18 U.S.C. § 2423(a)**
**18 U.S.C. § 2**

Beginning on or about August 5, 2021, and continuing through on or about October 1, 2021, in Shelby County, in the Eastern District of Kentucky, and elsewhere,

**NATIVIDAD AGUILERA GARCIA,**

aided and abetted by others, did knowingly transport, and cause to be transported, Minor A, an individual who had not attained the age of 18 years in interstate and foreign commerce, with intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, all in violation of 18 U.S.C. § 2423(a).

**COUNT 5**
**8 U.S.C. § 1324(a)(1)(A)(iv)**

Beginning on or about May 1, 2021, and continuing through on or about October 1, 2021, in Shelby County, in the Eastern District of Kentucky, and elsewhere,

**NATIVIDAD AGUILERA GARCIA**

Did encourage and induce an alien—namely, Minor A, Witness K, and Minor M—to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, all in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).

**COUNT 6**
**18 U.S.C. § 1001(a)(2)**

Beginning on or about August 10, 2021, and continuing through on or about September 24, 2021, in Shelby County, in the Eastern District of Kentucky, and elsewhere,

**NATIVIDAD AGUILERA GARCIA**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by falsely stating and certifying on an application to the Office of Refugee Resettlement that he was Minor A's uncle and making similar false

statements about his relationship with Minor A to Minor A's case worker—all while knowing that he was not Minor A's uncle, all in violation of 18 U.S.C. § 1001(a)(2).

**COUNT 7**
**18 U.S.C. § 1001(a)(3)**

Beginning on or about September 7, 2021, and continuing through on or about September 13, 2021, in Shelby County, in the Eastern District of Kentucky, and elsewhere,

**NATIVIDAD AGUILERA GARCIA**

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of the executive branch of the Government of the United States, by submitting a fictitious birth certificate for Minor A in conjunction with an application to the Office of Refugee Resettlement, knowing the false nature of the birth certificate, all in violation of 18 U.S.C. § 1001(a)(3).

**FORFEITURE ALLEGATIONS**
**18 U.S.C. § 2253**
**18 U.S.C. § 2428**
**18 U.S.C. § 982(a)(6)**

1. By virtue of the commission of the offenses alleged in Counts 1 and 2 of the Indictment, **NATIVIDAD AGUILERA GARCIA** shall forfeit to the United States any and all interest that he has in any visual depiction, or matter containing such visual depiction, that was produced, transported, mailed, shipped, or received as part of the violations of 18 U.S.C. §§ 2251 and 2252; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the violations of 18 U.S.C. §§ 2251 and 2252; and any property, real or personal, used or intending to be used in the

commission or promotion of the violations of 18 U.S.C. §§ 2251 and 2252 or traceable to such property. Any and all interest that **NATIVIDAD AGUILERA GARCIA** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2253.

2. By virtue of the commission of the offense alleged in Count 3 of the Indictment, **NATIVIDAD AGUILERA GARCIA** shall forfeit to the United States any and all interest that he has in any property, real or personal, that was used to commit or to facilitate the commission of the violation of 18 U.S.C. § 2422(b); and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the violation of 18 U.S.C. 2422(b). Any and all interest that **NATIVIDAD AGUILERA GARCIA** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2428.

3. By virtue of the commission of the offense alleged in Count 5 of the Indictment, **NATIVIDAD AGUILERA GARCIA** shall forfeit to the United States any and all interest that he has in any property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the violation of 8 U.S.C. § 1324(a), or that constitutes or is derived from or traceable to any proceeds obtained directly or indirectly from the commission of such violation. Any and all interest that **NATIVIDAD AGUILERA GARCIA** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(6).

4. The property to be forfeited includes, but is not limited to, the following:

**ELECTRONIC EQUIPMENT:**

a. Apple A2172 / iPhone 12, S/N: F17DMT660DXR, IMEI: 351156780214156;

b. LG LM-Q730AM / Stylo phone, S/N: 104VTLZ0940000, IMEI: 354660119650003;
c. Apple A1687 / iPhone 6s Plus, S/N: C39QVBEWGRWQ, IMEI: 353335073460209
d. Apple A2342 / iPhone 12 Pro Max, S/N: F2FG4LDU0D3Y, IMEI: 357771755722928,
e. All software and peripherals which are contained on or associated with the listed cellular phone.

5. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

[redacted]

**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

## PENALTIES

| | |
|---|---|
| **COUNT 1:** | Not less than 15 years nor more than 30 years imprisonment, not more than a $250,000 fine, and not less than 5 years nor more than a lifetime term of supervised release. |
| **COUNT 2:** | Not less than 5 years nor more than 20 years imprisonment, $250,000 fine, and not less than 5 years nor more than lifetime supervised release. |
| **COUNTS 3-4:** | Not less than 10 years nor more than life imprisonment, $250,000 fine, and not less than 5 years nor more than lifetime supervised release. |
| **COUNT 5:** | Not more than 5 years imprisonment, $250,000 fine, and not more than 3 years supervised release. |
| **COUNTS 6-7:** | Not more than 5 years imprisonment, or not more than 8 years imprisonment if the offense relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591; $250,000 fine; and not more than 3 years supervised release. |
| **PLUS:** | Forfeiture of all listed property. |
| **PLUS:** | Mandatory special assessment of $100 per count. |

Additional mandatory special assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110.

Pursuant to 18 U.S.C. §2259A, per count of no more than:

(1) $17,000.00 if convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

(2) $35,000.00 if convicted of any other trafficking in child pornography offense as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or

2260(b);

(3) $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

**PLUS:** Restitution, if applicable. Mandatory restitution under 18 U.S.C. § 2259 that, for any conviction of an offense described in paragraphs (E)(1) or (2), is not less than $3,000.00 per victim.